NUMBERS

13-00-405-CR

13-00-406-CR

 13-00-407-CR 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


TERRY HICKS , Appellant,

v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 291st District Court

of Dallas County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Appellant Terry Lynn Hicks appeals from a jury verdict of guilty on two counts of unlawful delivery of cocaine and one
count of possession of cocaine. During the sentencing phase of the trial, the judge sentenced appellant in accordance with a
"plea-bargaining" agreement to a concurrent term of ten years imprisonment in the Texas Department of Criminal
Justice-Institutional Division. (1) Sentencing was enhanced by prior felony convictions to which the appellant pled true. 

Appellant's court-appointed counsel has filed a brief stating that she has thoroughly reviewed the clerk's record and the
court reporter's record in this case and found that this appeal is wholly frivolous. Anders v. California, 386 U.S. 738, 744
(1967). Appellant's court-appointed counsel has also filed a motion to withdraw as attorney of record in the current cause.
Counsel has certified that she has given the appellant copies of the clerk's and court reporter's record and notified him of his
right to file a pro seresponse or brief. No such response or brief has been filed. Counsel has presented no arguable points
of error to this Court. In support of this claim, counsel has given a professional evaluation of the record, demonstrating
with references to both legal precedent and pages in the record why there are no arguable grounds to be advanced. See
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.1978). We affirm.

Factual Summary

Appellant was arrested at the Shady Oaks Motel in Dallas during the early morning hours of September 15, 1999 for
possession and unlawful delivery of a controlled substance. That night, Hicks sold cocaine to Dale Richardson, an
undercover narcotics agent. Previously, on September 8, 1999, Hicks sold cocaine to Detective Richardson at the Avalon
Motel, a few blocks away from the Shady Oaks Motel. Richardson and his partner, Officer Sayers, were investigating this
high crime area for illegal narcotics activity. Richardson slowed his vehicle when he saw Hicks signaling him at the corner
of the Avalon Motel in an attempt to find out whether he wanted to buy drugs. Richardson bought twenty dollars worth of
crack cocaine. The night Hicks was arrested, Richardson again bought two ten-dollar rocks of crack cocaine. Richardson,
accompanied by Detective Mismash, had spotted Hicks at the back parking lot of the Shady Oaks Motel. Hicks approached
Richardson's car and asked where he had been. After the successful drug transaction, Richardson negotiated with Hicks to
purchase more crack cocaine for fifty dollars. Waiting for Hicks to return, Detective Mismash contacted a police patrol
unit. Hicks was arrested shortly after returning with the cocaine. Officers patted down Hicks and found crack cocaine and
a glass crack pipe. In addition, a black box was found in Hicks' car and was later identified by the undercover agents as the
same black box that Hicks kept his cocaine in during prior drug transactions.

Analysis

We agree with counsel that there are no arguable points of error. Upon receiving a "frivolous appeal" brief, an appellate
court must conduct a "full examination of all the proceedings to determine whether the case is wholly frivolous." Penson v.
Ohio, 488 U.S. 75, 80-83 (1988). After carefully reviewing the entire record as well as counsel's brief, we agree with
appellant's counsel that there are no meritorious grounds to appeal. 

We do find that the trial court improperly admonished the appellant regarding his appellate rights. The trial judge informed
the defendant, "Do you understand that if I do not exceed that plea bargain agreement that you cannot appeal the
punishment portion of these cases without my permission?" In fact, the defendant's appellate rights were not diminished
pursuant to his bargain, because the defendant did not plead guilty or nolo contendere. See Tex. R. App. P. 25.2(b)(3).
However, this improper admonishment does not give rise to a claim that the plea was entered involuntarily. Hicks agreed
to the bargain despite being told that it would limit his appellate rights. He was willing to give up more rights in
accordance with the "plea bargain" than he actually gave up, and thus it would be illogical to argue that he might have made
a different choice with full knowledge of the consequences. We find that this error in the admonishment did not result in
an involuntary plea or waiver of rights. 

Disposition

We find that this appeal is frivolous and without merit, and accordingly we affirm the judgment of the trial court. In
addition, counsel has filed a motion to withdraw as attorney of record. We grant the motion of appellant's counsel to
withdraw and order counsel to notify appellant of the disposition of this case and the availability of discretionary review.
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). 

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of August, 2001.

1. Appellant entered into a pre-trial agreement with the prosecutor in which the State promised to recommend a ten-year
sentence if the defendant was found guilty on all three counts. This agreement does not meet the definition of a plea
bargain for the purpose of waiver of appellate rights, because the defendant did not enter a plea of guilty or nolo
contendere, but instead only agreed to waive his right to have a jury during the punishment phase of the trial. See Tex. R.
App. P. 25.2(b)(3); Tex. Code. Crim. Proc. art. 1.15 (Vernon Supp. 2001).